UNIVERSAL C. I. T. CORP. v. McFARLAND.

Court of Appeals of Kentucky.

Oct. 12, 1951.

C. E. Schindler, Louis H. Jull, Louisville, for appellant.

R. Everett Ray, Louisville, for appellee.

MORRIS, Commissioner.

We gather from briefs that about April 16, 1947, the Ohio River Heating & Contracting Co. installed a gas heating outfit in the home of appellee, who was defendant below. On that date Mrs. McFarland executed a note to the Heating Company for $352.80 payable in thirty-six monthly installments, in the customary form of installment notes, providing for precipitation

of all of unpaid balance on default of any one payment.

On the same date the Heating Company for valuable consideration transferred the instrument to appellant, plaintiff below. The petition alleges that after making several monthly payments Mrs. McFarland failed to meet a payment, there being then a balance due of $274.40, for which amount plaintiff asked for judgment against appellee.

The procedure that followed took some unusual turns. The defendant (appellee) filed special demurrer based on the stated ground that the petition shows that Ohio River Heating and Contracting Company should be a party to this action as defendant. The matter was submitted on this demurrer and it was sustained over plaintiff's objection. Nothing was done for several months, and Mrs. McFarland moved to dismiss the petition, because plaintiff had not complied with the order of this Court. The court had not theretofore ordered the Heating Company to be made a party. Very shortly thereafter the plaintiff tendered an amended petition, and moved that it be filed. This amendment, after adopting the allegations of the original petition, asked that the Heating Company be made a party, and summons issued against its chief officer. The prayer was for judgment against the original defendant and the Heating Company. The motion to file the amended petition was overruled, plaintiff objecting. The court then went back to defendant's motion to dismiss and it was sustained, without giving reason. The matter comes before us on a motion for appeal. The endorsement appearing on the back of the note (without date), which brought about the discussion, reads: "Pay to the order of Universal C. I. T. Credit Company without recourse, except that the undersigned indorser warrants that the undersigned has furnished and installed all articles and materials and has fully completed all work which constitutes the consideration for which the note was executed and delivered by the maker."

The briefs filed go to some length in discussion of the question as to whether or not any defense was available to defendant and the question as to the liability of the Heating Company, the indorser or assignor, questions not presented by any pleading.

Appellee contends first, that the Credit Corporation was not a holder in due course, citing several sections of Chapter 356, KRS, Negotiable Instrument Law, as bearing on the question. Second, that not being a holder in due course the transfer was an assignment not authorized by statute, hence the assignor was a necessary party under KRS 356.038, which defines a qualified endorsement and constitutes the endorser a "mere assignor of the title to the instrument", and "the question of failure of consideration and fraud is involved." On this point, we gather only from appellee's brief that the Heating Company had failed to carry out its contract; that the heating equipment was defective and not satisfactory, facts which the transferee of the note knew "or should have known, in view of its method of doing business with this and other companies." It is also argued that the amendment tendered was a "sham" pleading, Civil Code of Practice, Sec. 113, subd. 8 and therefore there was no abuse of the discretion vested in the court. This may not be concluded from the record.

Appellant, while discussing the quality of the note, that is whether or not it was a mere assignment, or a transfer in due course, or the force and effect of the language used in the endorsement, takes the position that if plaintiff was a holder in due course, still the transferee might enforce payment "for the instrument for the full amount thereof against all parties." KRS 356.007 in part.

However, the main contention of appellant deals with the matter of the court's order in dismissing the petition, it being correctly said that the petition stated a valid cause of action against the defendant (appellee), the maker of the note, and the validity of the petition was not impaired by the amended petition.

It is also argued that the court's action in sustaining the special demurrer was in

effect a conclusion by the court that the Heating Company was a necessary or at least a proper party, hence he erred both in the overruling of appellant's motion to file the tendered amendment and in dismissing the petition.

As the record comes to us we find it unnecessary to undertake to analyze and construe the complicated Negotiable Instrument Statute or any part thereof to determine whether the note was negotiable, or whether the holder was one in due course, or the endorsement was qualified or whether any proper defense was available to the defendant, or whether the present holder was relegated to relief against the maker only, matters which may arise under pleadings presenting issues, and which may be considered "in furtherance of justice" to all parties concerned or involved. Section 134, Civil Code of Practice, provides that the court in furtherance of justice may at any time and on proper terms "cause or permit a pleading or proceeding to be amended, by adding or striking out the name of a party * * * or by inserting other allegations material to the case * * *," or to conform to other requirements of the Code.

Section 19 of the Civil Code of Practice provides that in case of the assignment of a thing in action, the action of the assignee is without prejudice to any discount, setoff, or defense now allowable, and if the assignment be not authorized by statute the assignor *must* be made a party. This section, as it is stated, does not apply to bills of exchange, nor to promissory notes placed on the footing of bills of exchange. Whether the note here is placed on the footing of a bill of exchange, KRS 356.126, or whether its acceptance was qualified or conditional, KRS 356.141, we need not determine since Section 26, Civil Code of Practice, provides that all parties to a bill of exchange, severally liable, *may* be included in one action.

We cannot escape the conclusion that after the court by its initial action in sustaining the special demurrer, thus indicating that the Heating Company was either a necessary or proper party, was in error in refusing to allow the tendered amendment to be filed, and in dismissing the petition. The motion for appeal is sustained; judgment reversed with directions to set aside the order overruling the motion to file the tendered amendment.